IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-10177-PBS |
| | ) | |
| AMIN KHOURY, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
VARIOUS HEARSAY STATEMENTS OFFERED BY THE DEFENDANT**

Many of the defendant's proposed 274 exhibits contain inadmissible hearsay statements. These statements, typically involving assertions of fact made in an email, come from various sources, including irrelevant third parties, the defendant, his co-conspirators, and his daughter. It is impracticable for the Court to address each of the hearsay statements in one order. Nevertheless, the government submits this motion to provide examples of the inadmissible hearsay proposed by the defendant, which the Court should exclude.

I. *Statements By Third Parties*

The defendant has proposed multiple exhibits where third parties, who had no involvement in the conduct at issue in this case, make statements of fact regarding fundraising, athletic recruitment, and/or admissions. These are out-of-court statements offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). As such, these statements constitute hearsay and are "not admissible." Fed. R. Evid. 802.

By way of example, the defendant's proposed Exhibit 1 is an email from Brenda Smith, a Georgetown employee, where she states that an individual "gave us $7500 today and will give another $7500 on January 2, 2012 to fund the survey/drawings for the Tennis Relocation project."

In addition to being irrelevant[1], this statement is being offered for the truth of the matter asserted and is therefore inadmissible hearsay. Fed. R. Evid. 801, 802.

As another example, the defendant's proposed Exhibit 2 is a 2012 email from Ernst—the defendant's alleged co-conspirator—in which Ernst identifies individuals from the U.S. Tennis Association and states "These are the guys who want to help with the courts." Once again, in addition to being irrelevant, this statement is being offered for the truth of the matter asserted and is therefore inadmissible hearsay. Fed. R. Evid. 801, 802.

The defendant has also proposed other exhibits that contain inadmissible hearsay relating to other topics. For example, the defendant's proposed Exhibit 230 is an email from the defendant's daughter made *after* she had been admitted to Georgetown, *after* the Georgetown tennis coach had been arrested and charged with related offenses, and *after* Georgetown began an internal investigation into students admitted as tennis recruits through Ernst. In that email she states, among other things, "I started off my senior [high school] seasons playing as the number 2/3 singles player on the team, but following the early May 2015 personal family incident and subsequent events, I dropped down to the number 6 singles and number 3 doubles player on my team." These out-of-court assertions about the tennis ability of the defendant's daughter and her purported reason for not joining the Georgetown tennis team are inadmissible. Fed. R. Evid. 801, 802.

Given that the defendant has proposed 274 exhibits, it is impracticable for the Court to address each of the defendant's exhibits that contain these sorts of (often irrelevant) hearsay statements in a single order. However, the Court should exclude the above-referenced proposed

---

[1] *See* Gov't Mot. *in Limine* to Exclude or Otherwise Limit Irrelevant Evidence Concerning Georgetow Fundraising and Unrelated Donors.

exhibits and instruct the defendant to revise his proposed exhibit list in accordance with the Court's guidance with respect to hearsay (and relevance).

## II.     Statements By the Defendant

The government can offer the defendant's out-of-court statements into evidence in accordance with Fed. R. Evid 801(d)(2)(A) (a statement is "not hearsay" if "offered against an opposing party and . . . was made by the party in an individual or representative capacity"). Unlike the government, the defendant may not offer or elicit his own out-of-court statements at trial because those statements are hearsay when offered for their truth. *United States v. Rivera-Hernandez*, 497 F.3d 71, 80 (1st Cir. 2007) (citing Fed. R. Evid. 801, 802). Even if the government presents a subset of the defendant's out-of-court statements, the defendant is not entitled to present his other statements absent a need to avoid "misunderstanding or distortion." *United States v. Simonelli,* 237 F.3d 19, 28 (1st Cir. 2001) (rule of completeness "does not permit the admission of otherwise inadmissible evidence simply because one party has referred to a portion of such evidence, . . rather, it operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement"). Nor is the defendant permitted to circumvent this rule by eliciting his out-of-court statements through the cross-examination of other witnesses. *United States v. Bauzo-Santiago*, 49 F. Supp. 3d 155, 157 (D.P.R. 2014) (prohibiting defendant from eliciting defendant's "out-of-court statement during cross-examination of government witnesses to impeach the witnesses") (citing *Bemis v. Edwards,* 45 F.3d 1369, 1372 (9th Cir. 1995) and *United States v. Hudson,* 970 F.2d 948, 956 (1st Cir. 1992)).

Despite these rules, the defendant has proposed exhibits that contain his own out-of-court statements of fact. For example, the defendant's proposed Exhibit 114 contains an email from the

3

defendant where he states, in the context of his younger daughter (not the one who attended Georgetown), that he is "not enthusiastic about many of the schools" to which she has applied. The defendant also states that he has "contacts" at "Northeastern" and "Trinity" that he could potentially "leverage." In addition to being irrelevant to the charged offenses, these statements of fact, if offered by the defendant, are inadmissible hearsay. The Court should exclude this and similar statements in the defendant's proposed exhibits.

> III.     Statements By the Defendant's Co-Conspirators

The government charged that the defendant entered into a conspiracy, including with Gordon Ernst (the Georgetown coach that accepted the defendant's bribe) and a middleman who facilitated the payment of the bribe. The government can offer the out-of-court statements of the defendant's co-conspirators in accordance with Fed. R. Evid 801(d)(2)(E) (a statement is "not hearsay" if "offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy"); *see also Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid. 801(d)(2)(E)) ("There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'"). By contrast, the defendant may not admit those same co-conspirator statements. *Rivera-Hernandez*, 497 F.3d at 83 & n.5 ("[T]o qualify under the co-conspirator exception, a statement must be contrary to a party's position at trial."); *accord United States v. Milstein*, 401 F.3d 53, 73 (2d Cir. 2005) (excluding co-conspirator recording proffered by defendant: "The statement of a conspirator, offered for its truth by a co-conspirator, is not within this Rule."); *United States v. Kapp*, 781 F.2d 1008, 1014 (3d Cir. 1986) ("There is no authority for the proposition that the prosecution is a 'party' against whom such

evidence can be offered. The rule is intended to allow for introduction of co-conspirators' statements as evidence against them as defendants.").

Despite these rules, the defendant has proposed exhibits that contain statements of his co-conspirators. By way of example, the defendant's proposed Exhibit 104 contains a 2014 email from Ernst to a college counselor working with the defendant's daughter. Ernst states in the email that he recently "had the best recruiting year since I've been at Gtown, signing two 5 star girls." This statement is inadmissible hearsay if offered by the defendant for its truth. Fed. R. Evid. 801, 802; *Milstein*, 401 F.3d 53, 73 (2d Cir. 2005) (excluding co-conspirator recording proffered by defendant: "The statement of a conspirator, offered for its truth by a co-conspirator, is not within this Rule."). The Court should exclude this and similar statements in the defendant's proposed exhibits.

## CONCLUSION

For the foregoing reasons, the Court should preclude the defendant from introducing hearsay statements, including statements of third parties, his own statements, and statements of his alleged co-conspirators, either on cross-examination or as part of his case-in-chief.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Christopher J. Markham*
CHRISTOPHER J. MARKHAM
KRISTEN A. KEARNEY
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: March 25, 2022                                         *s/ Christopher J. Markham*
                                                                              Christopher J. Markham
                                                                              Assistant United States Attorney