IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-10177-PBS |
| | ) | |
| AMIN KHOURY, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION *IN LIMINE*
REGARDING DISCLOSURE OF DEFENSE CASE-IN-CHIEF EXHIBITS
OFFERED THROUGH WITNESSES CALLED DURING THE GOVERNMENT'S CASE**

The United States respectfully moves *in limine* to preclude the defendant from introducing undisclosed documents and records through government witnesses on cross-examination that do not impeach a witness, but instead lay the groundwork for a defense.

The Court's Pre-Trial Order, consistent with Federal Rule of Criminal Procedure 16(b), requires the defendant to produce copies of exhibits to be used in his "case-in-chief," but not those exhibits used solely for impeachment.  A defendant's case-in-chief is not limited to the presentation of the evidence following the close of the government's case; rather, it includes "[t]he part of a trial in which a party presents evidence to support its claim or defense." *United States v. Kilmartin*, No. 1:14-cr-00129-JAW, 2016 U.S. Dist. LEXIS 146596, at *7 (D. Me. Oct. 24, 2016) (quoting *United States v. Hsia*, No. Crim. 98-0057(PLF), 2000 U.S. Dist. LEXIS 1350, at *2 (D.D.C. Jan. 21, 2000)).  As one district court explained:

> [W]hen cross examining a government witness, a defendant is asserting the defense that the government cannot prove the required elements of the crime charged and thus is required to disclose any evidence it seeks to use to establish the failure of proof.  On the other hand, the defendant is not required to disclose evidence used to impeach a government witness by, for example, showing a prior inconsistent statement.  To hold otherwise, would effectively render Rule

> 16(b)(1)(A) a nullity unless a defendant asserted an affirmative defense or planned to put on his or her case after the government rested.

*United States v. Swenson*, 298 F.R.D. 474, 476-77 (D. Idaho 2014). Thus, if the defendant seeks to introduce documents and records as substantive evidence (and not solely for impeachment purposes), he should have to identify and produce copies of those exhibits in advance of trial, pursuant to Fed. R. Crim. P. 16(b)(1)(A).

A defendant's failure to comply with reciprocal discovery obligations can and should result in the exclusion of the evidence. In a case that upheld the exclusion of phone records that the district court excluded because the defendant had failed to produce them in reciprocal discovery, the First Circuit noted that "[i]t is within the trial court's discretion to exclude evidence for non-compliance with 16(b)(1)(A)." *United States v. Rodriguez Cortes*, 949 F.2d 532, 545-46 (1st Cir. 1991). Although the defendant is not required to forecast the cross-examinations of government witnesses, the timely disclosure of documents not in the government's possession will enable the parties to avoid needless in-trial delay regarding the authenticity of records and documents in the event they are used for something other than impeachment purposes.

Accordingly, consistent with the Court's Order, other than exhibits that are being offered solely for impeachment purposes, the defendant should be precluded from introducing undisclosed exhibits for substantive purposes during cross-examination of witnesses called by the government.

                                        Respectfully submitted,

                                        RACHAEL S. ROLLINS
                                        United States Attorney

                                 By: */s/ Christopher J. Markham*
                                        CHRISTOPHER J. MARKHAM
                                        KRISTEN A. KEARNEY
                                        Assistant United States Attorneys

3

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: March 25, 2022                           *s/ Christopher J. Markham*
                                                Christopher J. Markham
                                                Assistant United States Attorney