UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 20-cr-10177-PBS |
| AMIN KHOURY, | |
| Defendant | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30 and the Court's pretrial order (Dkt. 67), the government respectfully requests that the Court give the following jury instructions, in addition to any instructions the Court customarily provides in criminal cases.[1]  The government's proposed instructions are largely based on instructions given in the related case of *United States v. Abdelaziz, et al.*, 19-cr-10080-NMG, which also concerned parents charged with conspiracy to commit mail fraud and honest services mail fraud, conspiracy to commit federal programs bribery, and substantive counts of federal programs bribery.  *See United States v. Abdelaziz, et al.*, 19-cr-10080-NMG, October 7, 2021, Charge to the Jury, attached hereto as Exhibit A.  The government respectfully reserves the right to supplement, modify, or withdraw these requested instructions in light of the Court's rulings on motions *in limine*, requested instructions filed by the defendant, or the evidence introduced at trial.

---

[1] *See, e.g.*, Chief District Judge Nancy Torresen's 2021 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (hereinafter, "Pattern Crim. Jury Instr. 1st Cir."), §§ 3.01-3.08, *available at* https://www.med.uscourts.gov/sites/med/files/crpjilinks.pdf.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:     /s/ *Kristen A. Kearney*
        KRISTEN A. KEARNEY
        CHRISTOPHER J. MARKHAM
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant United States Attorney

## **TABLE OF CONTENTS**

Charts and Summaries………………………………………………………………………… 1

Stipulations………………………………………………………………………………….. 2

Caution as to Immunized Witnesses……………………………………………….……… 3

"On or About" – Explained……………………………………………………………….4

Motive…………………………………………………………………………………….. 5

Punishment………………………………………………………………………………...6

Recordings and Transcripts………………………………………………………………  7

Persons Not on Trial…………………………………………………………………….  8

Overview of the Indictment and Charges……………………………………………….  9

Count One – Conspiracy Generally……………………………………………………...10

Mail Fraud, Honest Services Mail Fraud and Federal Programs

Bribery………………………….…………………………………………………….. 15

Count Two – Federal Programs Bribery……...…………………………………………...28

## CHARTS AND SUMMARIES

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of explaining facts that are contained in other documents.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.[2]

---

[2] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 14.02 (6th ed. 2008).

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.[3]

---

[3] *See* Pattern Crim. Jury Instr. 1st Cir., § 2.01.

## CAUTION AS TO IMMUNIZED WITNESSES

You have heard testimony from Tim Donovan.  He participated in the crimes charged against the defendant and testified under a grant of immunity.  "Immunity" means that Mr. Donovan's testimony may not be used against him in any subsequent criminal proceeding. However, if he testified untruthfully, he could be prosecuted for perjury or making a false statement, even though he was testifying under a grant of immunity.  Some people in this position are entirely truthful when testifying.  Still, you should consider the testimony of a witness testifying under a grant of immunity with particular caution.  You should scrutinize the testimony carefully to be certain that it is not shaded or slanted in such a way to serve the interests of the witness rather than that of the truth.[4]

---

[4] Adapted from *United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); *United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001).  *See also* Pattern Crim. Jury Instr. 1st Cir., § 2.08; *United States v. Paniagua-Ramos*, 251 F.3d 242, 245 (1st Cir. 2001) (there are "no magic words that must be spoken").

**"ON OR ABOUT" – EXPLAINED**

The defendant has been charged with committing the alleged offenses "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.[5]

---

[5] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 3-12 (2021); *United States v. Morris*, 700 F.2d 427, 429-30 (1st Cir. 1983); *United States v. Gorski*, No. 12-cr-10338-FDS (D. Mass.), ECF No. 346 at 82-83, *aff'd*, 880 F.3d 27 (1st Cir. 2018).

## MOTIVE

The question whether someone committed an act knowingly or intentionally should never be confused with the motivation for the act.  Motive is what prompts a person to act or fail to act.  The concept of motive is different than the concept of knowledge or intent.  Intent and knowledge refer only to the state of mind with which the act is done or omitted.

Personal or familial advancement and financial gain, for example, are two well-recognized motives for much of human conduct.  These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

The government is not required to prove motive.  In addition, good motive, if any, is not a defense where the act done or omitted is a crime.  For purposes of determining guilt or innocence, therefore, the motive of a defendant is immaterial except insofar as evidence of motive may aid in the determination of his or her state of mind or his or her intent.[6]

---

[6] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 17.06 (6th ed. 2008); *see also United States v. Casanova*, No. 13-CR-10077-DJC, 2021 WL 352350, at *2 (D. Mass. Feb. 1, 2021) ("Moreover, the Court instructed, consistent with applicable law, that motive is different from intent, the government did not have to prove motive as to any of the charges against Casanova and that 'motive was immaterial, except insofar as evidence of motive may aid in determination of his state of mind or his intent.'").

## PUNISHMENT

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or in any sense, enter into your deliberations.[7]

---

[7] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 9-1 (2021); *see also United States v. Lynch*, 903 F.3d 1061, 1081 (9th Cir. 2018); Ninth Circuit Model Criminal Jury Instructions, § 7.4; Fifth Circuit Model Criminal Jury Instructions, § 1.22; Sixth Circuit Model Criminal Jury Instructions, § 8.05; Eighth Circuit Model Criminal Jury Instructions, § 3.12; Tenth Circuit Model Criminal Jury Instructions, § 1.20; Eleventh Circuit Model Criminal Jury Instructions, § B10.4; Third Circuit Model Criminal Jury Instructions, § 3.16.

## RECORDINGS AND TRANSCRIPTS

During this trial, you have heard evidence of a recorded voicemail. In order to help you, I have allowed you to have a transcript to read along as the recording was played. The transcript is merely to help you understand what is said on the recording. If you believe at any point that the transcript says something different from what you hear on the recording, remember it is the recording that is the evidence, not the transcript. Any time there is a variation between the recording and the transcript, you must be guided solely by what you hear on the recording and not by what you see on the transcript.[8]

---

[8] *See* Pattern Crim. Jury Instr. 1st Cir., § 2.09; *United States v. Mazza*, 792 F.2d 1210, 1227 (1st Cir. 1986).

## PERSONS NOT ON TRIAL

You may not draw any inference, whether favorable or unfavorable, as to either side from the fact that no persons other than the defendant is on trial here.  You may not speculate as to the reasons why other people are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.[9]

Similarly, there are some persons whose names you have heard during the course of the trial, but who did not appear to testify and as to whom there was no stipulation about what they would testify to if they appeared.  Each party had an equal opportunity or lack of opportunity to call any of those persons as witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called.  Their absence should not affect your judgment in any way.[10]

---

[9] Adapted from *L. Sand et al., Modern Federal Jury Instructions: Criminal*, Instr. 1.21 (2021).

[10] *See United States v. Abdelaziz, et al.*, 19-cr-10080-NMG, Ex. A at 13.

## OVERVIEW OF THE INDICTMENT AND CHARGES

Now I turn to the Indictment in this case and the statutes on which it is based.  First, I remind you that an Indictment is not evidence of any kind against the defendant.  The Indictment is just an accusation – a document filed with the court to bring a criminal charge against a defendant.  An Indictment can allege more than one charge against a defendant.  When it does, the different charges are stated separately in what we call "counts."  The Indictment in this case has two counts against the defendant.

Count One charges the defendant with conspiracy.  Specifically, it charges the defendant with conspiracy to commit three crimes, or what are called "underlying" or "substantive" crimes.  The three underlying or substantive crimes are also known as the "objects" of the conspiracy.  Here, they are:  (i) mail fraud; (ii) honest services mail fraud; and (iii) federal programs bribery.  The defendant is accused of conspiring to commit these crimes by participating in a fraudulent scheme to deprive Georgetown University of its intangible right to the honest services of its employee Gordon Ernst by bribing Mr. Ernst.

Count Two charges the defendant with substantive federal programs bribery.  The defendant is accused of committing this crime by corruptly giving, offering, and agreeing to give anything of value to any person, with intent to influence and reward an agent of an organization that receives more than $10,000 per year in federal funding—here, Georgetown University—in connection with any business, transaction, and series of transactions of Georgetown involving anything of value of $5,000 or more, that is, in exchange for designating defendant's daughter as an athletic recruit to facilitate her admission to Georgetown.

This is just a summary.  For each count, the government must prove several things, which we call elements, beyond a reasonable doubt.  I will next give you instructions regarding each count and the elements of each count.

## COUNT ONE – CONSPIRACY GENERALLY

Again, Count One charges the defendant with conspiracy.  The objects of the conspiracy charged in Count One are mail fraud, honest services mail fraud, and federal programs bribery.

I will now provide you with certain general instructions regarding conspiracy that apply to Count One.

A conspiracy is an agreement to commit a crime.  The crime of conspiracy is an independent crime, and it is an entirely separate and different offense from the underlying or substantive crimes the defendant is alleged to have agreed to commit.

A simple example illustrates the difference between a crime and a conspiracy to commit that crime.  It is a federal crime to commit bank robbery.  If a person robs a bank, he has committed a bank robbery.  If three people agree to rob a bank – one thinks up the plan, one agrees to rob the bank, and one agrees to drive the getaway car – all three have conspired to rob the bank.

Again, a conspiracy is an agreement to commit a crime.  If a conspiracy exists – even if it does not succeed – the conspiracy itself is still a crime.  To find a defendant guilty of conspiracy, there is no need for the government to prove that the crime or crimes that were the objects or goals of the conspiracy were actually committed.

If there are multiple charged objects of a conspiracy, the government does not have to prove that the defendant agreed to commit all of, or even more than one of, the objects in order for you to find him guilty of the conspiracy charge.  For example, in the context of Count One, the government does not have to prove that the defendant agreed to commit all three objects (mail fraud, honest services mail fraud, and federal programs bribery) in order for you to find him guilty of the conspiracy charge.  The government must, however, prove that the defendant agreed with

one or more other persons to commit at least one of the object crimes, and you must unanimously agree on which object crime the defendant agreed to commit.[11]

For you to find the defendant guilty of the conspiracy charged in Count One, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit at least one of the following:  mail fraud, honest services mail fraud, or federal programs bribery; and

Second, that the defendant willfully joined in that agreement.

As to conspiracy to commit federal programs bribery only, the government must also prove a third element:  that the defendant, or any other co-conspirator, performed an overt act in furtherance of the conspiracy to commit federal programs bribery.[12]

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the

---

[11] *See Griffin v. United States*, 502 U.S. 46 (1991); *United States v. Mitchell*, 85 F.3d 800, 809-11 (1st Cir. 1996) (collecting cases, affirming trial court jury instruction that jury only had to find guilt unanimously as to one of the two objects of conspiracy); *United States v. Capozzi*, 486 F.3d 711, 718 (1st Cir. 2007) ("district court properly instructed the jury that guilt must be based upon proof of an agreement to commit any one of the three objects of the conspiracy and that the jury had to be unanimous as to which if any of the three objects were proved beyond a reasonable doubt").

[12] *See United States v. Abreu*, 976 F.3d 1263, 1272 (11th Cir. 2020) ("A § 1349 conspiracy does not require an overt act." (citing *United States v. Gonzalez*, 834 F.3d 1206, 1220 (11th Cir. 2016)); *United States v. Hoffman*, 901 F.3d 523, 565 (5th Cir. 2018) ("[A] section 1349 conspiracy does not require an overt act." (citation omitted)); *United States v. Roy*, 783 F.3d 418, 420 (2d Cir. 2015) ("We . . . conclude that a conspiracy conviction under § 1349 does not require proof of an overt act." (collecting cases); *cf. United States v. Chinasa*, 489 F. App'x 682, 686 (4th Cir. 2012) ("The Supreme Court, construing other conspiracy statutes that do not explicitly state that proof of an overt act is an element, has held that their plain language demonstrates that an overt act is in fact not an element." (citing *Whitfield v. United States*, 543 U.S. 209, 214 (2005)).

details.  It is not necessary to show that the participants directly by spoken or written words stated among themselves exactly what their object or purpose was or exactly what the details of the scheme were or exactly what means they would adopt to achieve their goals.  Nevertheless, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

A conspiracy is, by its very nature, usually secret in its origin and in its execution.  Because of the secretive nature of the crime of conspiracy, the agreement between two or more people may be express or tacit.  It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.  In addition, because a conspiracy by its very nature is often secret, neither the existence of the agreement nor the fact of the defendant's participation in it must be proved by direct evidence.  They may be proved by circumstantial evidence.

Mere similarity of conduct among various people, or the fact that they may have met with each other or discussed common aims and interests, does not by itself establish the existence of a conspiracy.  Mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy.  You may, however, consider such factors in deciding whether a conspiracy existed.

The extent of a defendant's participation in a conspiracy and the importance of his role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.  A conspirator's guilt or innocence is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others may play minor parts in the scheme.

An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.[13]

The government does not have to prove that the conspiracy succeeded or that its objects were achieved.  A conspiracy is complete, and the crime has occurred, once the agreement has occurred.  Returning to my bank robbery example, the three conspirators committed the crime of conspiracy as soon as they agreed to rob the bank.  Even if they had been arrested before the robbery occurred, or if the robbery had been attempted but failed, they would have nonetheless committed the crime of conspiracy to commit bank robbery.

To act willfully for the purposes of Count One means to act voluntarily and intelligently and with the specific intent that the underlying crime or crimes be committed; that is to say, with bad purpose, either to disobey or disregard the law, not to act by ignorance, accident, or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime or crimes be committed.  Intent need not be proved directly and instead may be inferred from surrounding circumstances and circumstantial evidence because, ordinarily, there is no way of directly scrutinizing the workings of the human mind.  Proof that the defendant willfully joined in the agreement must be based upon evidence of his own actions and/or words.

You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator, or that the defendant participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that

---

[13] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 19-6 (2021).

he knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  In determining what the defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did or failed to do; and any other evidence that may reflect his knowledge or intent. You may infer – although you are not required to – that a person intends the natural and probable consequences of his acts when those acts are done knowingly.

For conspiracy to commit federal programs bribery only, the government must prove an overt act.  An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The government is not required to prove that the defendant personally committed or knew about the overt act.  It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.  The overt act need not be illegal.[14]

---

[14] *See* Pattern Crim. Jury Instr. 1st Cir., § 4.18.371(1); *see also See United States v. Flaherty*, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

## MAIL FRAUD, HONEST SERVICES MAIL FRAUD, AND FEDERAL PROGRAMS BRIBERY

As previously noted, Count One of the Indictment charges the defendant with conspiracy to commit three underlying crimes:  mail fraud, honest services mail fraud, and federal programs bribery.  So that you can determine whether a conspiracy between at least two people to commit one of these crimes existed, I will now provide you with instructions regarding the elements of these underlying crimes.

The crime of mail fraud, Section 1341 of Title 18 of the United States Code, has four elements.  Those elements are as follows:

<u>First</u>, that there existed a scheme, substantially as charged in the Indictment, to defraud or to obtain money or property from Georgetown University by means of false or fraudulent pretenses;

<u>Second</u>, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the omission of a material fact or matter, or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth, or knowing concealment concerning a material fact or matter;

<u>Third</u>, that the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

<u>Fourth</u>, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme the United States mail or delivery by a private or commercial interstate carrier would be used.

I will now explain the four elements of mail fraud in more detail.

### a.      Element One – Scheme to Defraud

The first element of mail fraud is that there was a scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises.

A "scheme" includes any plan, pattern, or course of action.  The term "defraud" means to deceive another in order to obtain money or property by misrepresenting or concealing a material fact.

The term "false or fraudulent pretenses" means any false statements or assertions that were either known to be untrue when made or were made with reckless indifference to their truth and that were made with the intent to defraud.  The term includes actual, direct false statements as well as half-truths, the knowing concealment of facts, and the knowing omission of material facts.  The "false or fraudulent pretenses" part of the statute extends it to false promises and misrepresentations as to the future.

The term "property" in this case means admission to Georgetown University.  I am instructing you that for purposes of the mail fraud statute, admission spots are the property of Georgetown University.

It is not necessary that the alleged scheme actually succeeded in defrauding anyone.  Put another way, it is not necessary to establish that the intended victim was *actually* defrauded.  Mail fraud does not require that the victim be of pure heart.[15]  And there is no requirement that the person deceived be the same person who is deprived of money or property.  There is likewise no

---

[15] *See United States v. Allard*, 926 F.2d 1237, 1242 (1st Cir. 1991); *United States v. Camuti*, 78 F.3d 738, 742 (1st Cir. 1996) ("The crime with which Camuti was charged-mail fraud-did not require that the victims be pure of heart or even that they have been effectively deceived by the charged misrepresentations.").

requirement that the defendant know the identity of the fraud victim, only that there be a scheme to defraud.

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme. But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the Indictment.

The government is not required to prove that the defendant originated the scheme to defraud. A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

It is not necessary for the government to prove that a defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss, so long as the goal of the scheme was to deprive the victim of money or property. Although whether or not the scheme actually succeeded is not the question, you may consider whether it succeeded in determining whether the scheme existed.

You are not required to agree on a means or a particular false statement that a defendant used to carry out a fraudulent scheme.

### b.     *Element Two – Materiality*

The second element of mail fraud is that the false representation or fraudulent failure to disclose related to a material fact. A "material fact or matter" is one that has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed. Information is "material" for an employer if the employee had reason to believe the information would lead a reasonable employer to change its business conduct. Put differently, if you find that a fact was intentionally withheld or omitted, you must determine whether the fact was one that a reasonable person might have considered important in making his or her decisions.

The government, however, need not prove that anyone actually relied on a statement.  If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright.[16]

### c.      Element Three – Defendant's Knowing and Willful Participation in the Scheme

The third element of mail fraud is that the defendant participated in the scheme to defraud knowingly and willfully and with the intent to defraud.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

Note that, in deciding whether the defendant acted knowingly, you may infer that he had knowledge of particular facts if you find that he deliberately closed his eyes to facts that otherwise would have been obvious to him.  This is called "willful blindness."  In order to infer knowledge, you must find that two things have been established.  *First*, that the defendant was aware of a high probability of the existence of the facts in question.  *Second*, that the defendant consciously and deliberately avoided learning of those facts.  That is, the defendant willfully made himself blind to those facts.  It is entirely up to you to determine whether he deliberately closed his eyes to the facts and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the facts is not sufficient.  There must be a deliberate effort to remain ignorant of the facts in question.[17]

As to acting "willfully," an act is willful if done voluntarily and intentionally, and with the specific intent to do something the law forbids (here, defraud others), or with specific intent to fail

---

[16] *See United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980).

[17] Pattern Crim. Jury Instr. 1st Cir., § 2.16; *see also United States v. Prange*, 11-cr-10415-NMG (D. Mass.), ECF No. 246 at 123-24 (willful blindness instruction).

to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Note that, with regard to finding a specific intent to defraud, you may find such an intent, though you are not required to do so, if you find that the defendant acted with reckless disregard or reckless indifference to the truth or falsity of his statements or omissions. Conversely, if the defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent. As I previously explained, you may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

### d.      Element Four – Use of the Mail

As to the fourth element of mail fraud, the government must prove that the defendant caused the mail to be used, or that it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, a mailing would be used.

A mailing can be via the United States mail or delivery by a private or commercial interstate – such as UPS or FedEx.

The mailing does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out. There is no requirement that the defendant himself was responsible for the mailing, that the mailing itself was fraudulent, or that the use of the mail was

intended as the specific or exclusive means of accomplishing the alleged fraud.  But the government must prove beyond a reasonable doubt that the defendant knew, or could reasonably have foreseen, that use of the mail would follow in the course of the scheme, in furtherance of the scheme, or for the purpose of executing the scheme.

### **Honest Services Mail Fraud**[18]

As noted earlier, Count One of the Indictment also charges the defendant with conspiracy to commit honest services mail fraud.  Specifically, the defendant is charged with agreeing to deprive Georgetown University of the intangible right to the honest services of its employee Gordon Ernst.

Honest services mail fraud is comprised of two statutes, the first of which is the mail fraud statute that I previously noted.  The second relevant statute is Section 1346 of Title 18 of the United States Code, which provides that the term "scheme to defraud," as set forth in the mail fraud statute – in the context of honest services fraud – includes a "scheme to deprive another of the intangible right of honest services."

Taken together, the mail fraud statute and this honest services fraud statute constitute the offense of honest services mail fraud.  The elements of honest services mail fraud are as follows:[19]

First, the defendant knowingly devised or participated in a scheme to defraud Georgetown University of its intangible right to the honest services of Gordon Ernst through bribery or kickbacks;

Second, the defendant knowingly and willfully participated in this scheme with the intent to defraud;

---

[18] Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 1341, 1343, 1346.

[19] *See Skilling v. United States*, 561 U.S. 358 (2010); *United States v. Martin*, 228 F.3d 1, 16 (1st Cir. 2000); *United States v. Gaw*, 817 F.3d 1, 6-7 (1st Cir. 2016).

<u>Third</u>, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the omission of a material fact or matter, or the scheme involved a false statement, assertion, half-truth, or knowing concealment concerning a material fact or matter; and

<u>Fourth</u>, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, the United States mail or delivery by a private or commercial interstate carrier would be used.

I have already instructed you on elements two, three, and four of honest services mail fraud, which are the same as mail fraud, and I will not repeat those instructions here. The first element, however, is different.

The first element that the government must prove is that the defendant knowingly devised or participated in a scheme to defraud Georgetown University of its right to the honest services of its employee Gordon Ernst through bribery or kickbacks. As I previously described, a "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find the defendant guilty of this offense, you must find that he devised or participated in a plan or course of action involving bribes or kickbacks given or offered to Gordon Ernst.

An employee owes a fiduciary duty to his employer. This fiduciary duty is a duty to act only for the benefit of the employer, and not for the employee's own enrichment or benefit.[20] When an employee devises or participates in a bribery or kickback scheme, that employee violates his employer's right to his honest services. This is because the employee outwardly purports to be

---

[20] *See, e.g.*, *United States v. Rybicki*, 354 F.3d 124, 141-42 & n.17 (2d Cir. 2003) (*en banc*) (in private sector, statute applies to an "officer or employee of a private entity (or a person in a relationship that gives rise to a duty of loyalty comparable to that owed by employees to employers)").

working solely for the employer, but instead has received benefits from a third party.  The employer is defrauded because the employer is not receiving what it expects and is entitled to, namely, the employee's honest services.  A defendant need not owe the fiduciary duty personally, so long as he devises or participates in a bribery or kickback scheme intended to deprive an employer of its right to a fiduciary's honest services.[21]

The breach of the fiduciary duty must be by participation in a bribery or kickback scheme – which involves the actual, intended, or solicited exchange of a thing of value for something else, in other words, a *quid pro quo* (a Latin phrase meaning "this for that" or "these for those").[22]

The employee or fiduciary and the individuals providing the thing(s) of value need not state the *quid pro quo* in express terms, for otherwise the law's effect would be frustrated by knowing winks and nods.[23]  Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

---

[21] *United States v. Urcuioli*, 613 F.3d 11, 17-18 (1st Cir. 2010) (rejecting argument that mail fraud statute in honest services cases only covers public official who owes the duty).

[22] *See United States v. Sun-Diamond Growers*, 526 U.S. 398, 404-05 (1999) (interpreting § 201(b): "In other words, for bribery there must be a *quid pro quo*-a specific intent to give or receive something of value in exchange for an official act." (emphasis in original)); *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("The Supreme Court has explained, in interpreting the federal bribery and gratuity statute, 18 U.S.C. § 201, that bribery requires a *quid pro quo*. . ."); *United States v. Whitfield*, 590 F.3d 325, 353 (5th Cir. 2009) (requiring a specific intent to give or receive a thing of value "in exchange for an official act to be performed sometime in the future" (citations, quotations omitted)); *United States v. Ganim*, 510 F.3d 134, 148-49 (2d Cir. 2007) (Sotomayor, J.) ("an intent to effect an exchange").

[23] *United States v. Urcuioli*, 613 F.3d 11, 15, n. 3 (1st Cir. 2010) (citing *United States v. Kincaid-Chauncey*, 556 F.3d 923, 943-47 (9th Cir. 2009) (*quid pro quo* bribe need not be evidenced by any express agreement or statements of intent)); *United States v. Kemp*, 500 F.3d 257, 282-85 (3d Cir. 2007) (same)).

Bribery and kickbacks require the intent to effect an exchange of something of value for, as applicable here, action, but each payment need not be correlated with specific action.[24]  The requirement that there be payment of a thing of value in return for action is satisfied so long as the evidence shows a "course of conduct" of things of value flowing to an employee in exchange for the employee's repeated action.  In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that."  Thus, all that must be shown is that things of value were provided to the employee, or for his benefit, with the intent of securing the employee's action in return.[25]

A bribe is simply a payment (or other benefit) given in exchange for an employee's provision of influence or favorable treatment from his employer.

Also, it is not necessary for the government to prove that the scheme actually succeeded, or that anything of value was actually exchanged.  What the government must prove is that the defendant knowingly devised or participated in a scheme to defraud Georgetown University of its right to its employee Gordon Ernst's honest services through bribes or kickbacks.

---

[24] *Skilling*, 561 U.S. at 413 (citing *Kemp*, 500 F.3d at 281-86 (bribery theory of honest services fraud satisfied by "stream of benefits" in exchange for some official action, without need to show specific benefit for specific action: "payments may be made with the intent to retain the official's services on an 'as needed' basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf."); *Whitfield*, 590 F.3d at 352-53 (specified act need not be identified at time of payment: "The law only requires that the Government prove the 'specific intent to give or receive something of value *in exchange* for an official act' to be performed sometime in the future." (emphasis in original)); *Ganim*, 510 F. 3d at 147-49 (no need to link each specific bribe with a single official act: "If the public official knows that he or she is expected as a result of the payment to exercise particular kinds of influence or decision making to the benefit of the payor, and, at the time the payment is accepted, intended to do so as specific opportunities arose, that is bribery.").

[25] *United States v. Urcuioli*, 613 F.3d 11, 14-15 & n. 3 (1st Cir. 2010).

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something.  This includes a sum of money, favorable treatment, or career advancement.

Finally, "induce" in this context means to undertake to gain corrupt influence over the judgment of the employee or fiduciary.  A person may act with a mixture of motives, but the government must prove that the provision of the thing of value is intended at least in part to corruptly induce action, here, the designation of defendant's daughter as an athletic recruit to facilitate her admission to Georgetown.

### **Federal Programs Bribery**[26]

The third object of the conspiracy charged in Count One is federal programs bribery. Specifically, the defendant is accused of conspiring to commit this crime by corruptly giving, offering, and agreeing to give anything of value to any person, intending to influence and reward an agent (here, Gordon Ernst) of an organization that receives more than $10,000 per year in federal funding (here, Georgetown), in connection with any business, transaction, and series of transactions of Georgetown involving anything of value of $5,000 or more, that is, in exchange for designating the defendant's daughter as an athletic recruit to facilitate her admission to Georgetown.

The elements of federal programs bribery are as follows:

First, that at the time alleged in the Indictment, Gordon Ernst was an agent of Georgetown;

Second, that in a one-year period, Georgetown received federal benefits in excess of $10,000;

---

[26] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 27A.03 (2021); Third Circuit Model Criminal Jury Instructions, § 6.18.666A2; *see also United States v. Sotomayor-Vazquez*, 249 F.3d 1, 7-8 (1st Cir. 2001).

Third, that the defendant gave, agreed to give, or offered something of value to an agent of Georgetown;

Fourth, that the defendant acted corruptly with the intent to influence or reward an agent of Georgetown in connection with the business, transaction, or series of transactions of Georgetown; and

Fifth, that the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

As to the first element, an "agent" is a person authorized to act on behalf of another person, organization, or government.  Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

As to the second element, the government must establish that Georgetown received, during a one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.  This does not include legitimate/valid/bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

The third element is that the defendant corruptly gave, agreed to give or offered something of value to an agent of Georgetown as alleged in the Indictment.  To act "corruptly" means to act voluntarily, deliberately, and dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result.  Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefits to one's self, or some aid or profit to another.  The statute makes no distinction between offering or giving a bribe, and the mere offer of a bribe is just as much a violation of the statute as the actual giving of one.  The thing of value may be tangible property, intangible property, or services, of any dollar

value, so long as it has value.  The government is not required to prove that the thing of value, that is, the payment, that the defendant offered, gave, or agreed to give was "federal benefits" or that the illegal acts directly affected the federal benefits the organization received.

It is not necessary that the payment be made directly to the agent.  If the payment was made to a third party or a conduit for the purpose of influencing the agent, that is sufficient to satisfy this element.

The fourth element is that the defendant acted corruptly with the intent to influence or reward the recipient's actions in connection with some business, transaction, or series of transacations of Georgetown.  Here, the government alleges that business, transaction, or series of transactions involved designating the defendant's daughter as an athletic recruit to facilitate her admission to Georgetown.  To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to influence or reward the recipient's actions.  This involves conscious wrongdoing or, as it has sometimes been expressed, a bad or evil state of mind.    While the government must prove that the defendant intended at least in part to influence or reward Gordon Ernst's actions, the government is not required to prove that Mr. Ernst took any particular action, or that the bribe actually influenced Mr. Ernst, or that Mr. Ernst had the authority to perform the act sought – that is, that Mr. Ernst could designate the defendant's daughter as an athletic recruit or facilitate her admission to Georgetown.  Also, if you find that the defendant acted with the intent to reward the recipient for a decision already made, it does not matter that the payment was not made or offered until after the business or transaction occurred.

A bribe is simply a payment (or other benefit), regardless of what it is called, given in exchange for an employee's provision of influence or favorable treatment from his employer.

Direct proof of a corrupt intent is not necessary, and such an intent may be established by circumstantial evidence.

The fifth element is that the value of the business, transaction, or series of transactions to which the bribe payment related – that is, the designation of the defendant's daughter as an athletic recruit to facilitate her admission to Georgetown – was at least $5,000. The government is not required to prove the exact amount of the value of the business, transaction, or series of transactions at issue, but the government must prove that the value was $5,000 or more. If you find that the designation of the defendant's daughter as an athletic recruit to facilitate her admission to Georgetown had a value of at least $5,000, this element is satisfied. The term "value" includes "market value," which is the price a willing buyer would pay a willing seller. You may, but are not required, to look to the value of the bribe payments as evidence of the value of the business, transaction, or series of transactions.[27]  The government is not required to prove that defendant paid or offered at least $5,000. It is the value of the business, transaction or series of transactions – that is, the facilitation of admission – that the bribe was intended to influence or reward that is important.

---

[27] *See United States v. Fernandez*, 722 F.3d 1, 13 (1st Cir. 2013) ("[W]here the subject matter of the bribe is a 'thing of value' without a fixed price, courts may look to the value of the bribe as evidence of the value of the 'business, transaction, or series of transactions.'").

## COUNT TWO – FEDERAL PROGRAMS BRIBERY

Count Two charges the defendant with substantive federal programs bribery.

In explaining the conspiracy charged in Count One and the objects of that conspiracy, I have previously instructed you on the elements of federal programs bribery, and I will not repeat those instructions here.