IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-10177-PBS |
| | ) | |
| AMIN KHOURY, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT AMIN KHOURY'S SECOND MOTION
FOR AN EXTENSION OF TIME TO SUBMIT PROPOSED JURY INSTRUCTIONS**

The government respectfully submits this Opposition to defendant Amin Khoury's second motion for an extension of time to submit his proposed jury instructions. Dkt. 169.

The government submitted its proposed jury instructions on March 25, 2022 in compliance with the Court's deadline. Dkt. 130. The defendant has yet to submit proposed jury instructions and now requests a second extension of time to file. Dkt. 169. Counsel for the government has been amenable to assenting to reasonable extension requests from the defendant. However, the defendant's motion in this instance specifically seeks permission to incorporate Judge Talwani's holding in *United States v. Ernst*, No. 19-cr-10081-IT, that an admissions slot does not constitute "property" for purposes of the mail and wire fraud statutes. *See United States v. Ernst*, 502 F. Supp. 3d 637, 648 (D. Mass. 2020). The government cannot assent to a motion based on this premise.

*First*, as defense is aware, the government did not proceed on a property fraud theory in *Ernst* in light of Judge Talwani's interpretation of the mail and wire fraud statutes. Judge Talwani's instructions therefore do not even address the issue that the defendant claims it needs more time to review.

*Second*, regardless of Judge Talwani's instructions, Judge Casper specifically distinguished the *Ernst* holding in finding that an admissions slot is property. *See* Dkt. 62 at 5 n.1, 9 n.2. This session then held that Judge Casper's decision was the law of the case. *See* Tr. of Status Conf. (Dec. 17, 2021) at 1:16-17 ("Judge Casper has issued numerous orders and opinions in this case, which I view as the law of the case and I will not be changing"); *id.* at 5:9-13 ("I know that there is a dispute about what is property that has split certain courts here. I will stick with Judge Casper's opinion for now. . . . I reserve the right to think about it *post-trial*.") (emphasis added); *see also Pepper v. United States*, 562 U.S. 476, 506−07 (2011) (a court's decision on a rule of law "should continue to govern the same issues in subsequent stages in the same case"). The defendant is seemingly trying to re-open that issue, improperly, through a motion for a continuance.

In short, Judge Talwani's holding on the definition of "property" cannot impact jury instructions in this case. The defendant's motion for a continuance requesting the opportunity to incorporate Judge Talwani's holding should therefore be denied.

    Respectfully submitted,

    RACHAEL S. ROLLINS
    United States Attorney

By: */s/ Christopher Markham*
    KRISTEN A. KEARNEY
    CHRISTOPHER J. MARKHAM
    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: April 13, 2022                  */s/ Christopher Markham*
                                                                        Christopher J. Markham
                                                                        Assistant United States Attorney