IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-10177-PBS |
| | ) | |
| AMIN KHOURY, | ) | |
| | ) | |
| Defendant | ) | |

**<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S JUNE 2, 2022 LETTER</u>**

The United States of America, by undersigned counsel, respectfully submits this response to the letter request of defendant Amin Khoury to defer the exercise of any cause and peremptory challenges until the second day of jury selection.

As the Court noted at the May 23, 2022 pretrial conference, this case is not a so-called "Varsity Blues" case because "[i]t doesn't involve Mr. Singer" or "one of those big conspiracies that you've seen in the news. As far as I can tell, it's completely different, different players other than Ernst being possible nexus between the cases." Tr. of Pretrial Conf. (May 23, 2022) at 29. Counsel for Mr. Khoury agreed: "That's true. Singer has nothing to do with Mr. Khoury at all." *Id.*

This case also has not received the kind of pretrial publicity nor does it concern the potential biases at issue in the Whitey Bulger, Dzhokhar Tsarnaev, Michael Avenatti, Harvey Weinstein, Ghislaine Maxwell, or other cases cited in defendant's letter. As far as the government has found, there has been only one article about this case in the Boston Globe and one in the Boston Herald. Of the five local news stations serving the greater Boston area, there have only been four stories about this case (two on WHDH, one on WBZ, one on NBC 10, and none on WCVB or WFXT).

Further, unlike in the actual "Varsity Blues" cases that went to trial—*United States v. Wilson and Abdelaziz*, No. 19-cr-10080-NMG, and *United States v. Vavic*, No. 19-cr-10081-IT—the government is not planning to run criminal background checks on potential jurors. Nor is the two-question questionnaire proposed in this case (to be given only to jurors who are not excused following the Court's initial *voir dire*) anywhere near the 13-page, 49-question (not including subparts) questionnaire given to the approximately 200 potential jurors in *Wilson* or the 14-page, 56-question (not including subparts) questionnaire given to the approximately 130 potential jurors in *Vavic*.

Given these differences, the government does not believe good cause exists to defer the exercise of cause and peremptory challenges to a second day of jury selection. Further, given the Court's concern about the recent spike in Covid cases in Massachusetts, any extension of the trial schedule raises the risk that jurors will need to be excused. *See* Tr. of Pretrial Conf. (May 23, 2022) at 5 (noting that shorter number of trial days would result in less chance of exposure for jurors).

        Respectfully submitted,

        RACHAEL S. ROLLINS
        United States Attorney

By: */s/ Kristen A. Kearney*
     KRISTEN A. KEARNEY
     CHRISTOPHER J. MARKHAM
     Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: June 2, 2022                                         <u>*s/ Kristen A. Kearney*</u>
                                                                                   Kristen A. Kearney
                                                                                   Assistant United States Attorney