IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-10177-PBS |
| ) | |
| AMIN KHOURY, ) | |
| ) | |
| Defendant ) | |

## MOTION IN LIMINE
## TO ADMIT VERIZON BUSINESS RECORDS

The United States respectfully requests that the Court make a pre-trial ruling that certain Verizon business records will be admissible at trial, without the need for live testimony of a business records custodian, because the records have been certified in accordance with Rule 902(11) of the Federal Rules of Evidence. A pre-trial ruling is appropriate because, in its absence, the government will be forced to subpoena a Verizon records custodians to trial, which should be unnecessary based on Rule 902(11). Further, admission pursuant to Rule 902(11) will reduce the length of trial and conserve the resources of the Court and the parties.

The defendant, through counsel, has declined to allow the government to identify the Verizon records as uncontested exhibits, and has also declined to provide a basis, which has led the government to file this motion. This motion is essentially identical to the government's previous motion in relation to similar AT&T records, Dkt. No. 225, which the Court recently granted, Dkt. No. 260.

### Background

At trial, the government intends to introduce business records from Verizon. These business records, obtained from Verizon pursuant to a trial subpoena, consist of phone records (*e.g.*, identifying phone calls made and received) for the cell phone numbers of one of the

defendant's alleged co-conspirators.  The defendant has declined to allow the government to identify the Verizon records as uncontested exhibits, and has also declined to provide a basis.  The government is therefore seeking admission pursuant to Rule 902(11).

To support the admission of the Verizon business records, the government has obtained a certification complying with Rule 902(11) and provided advance notice to the defendant of its intention to use the certification, in lieu of live testimony, to authenticate the Verizon business records at trial.  Accordingly, pursuant to Rule 902(11), the government moves for admission of the following evidence:

1. Verizon business records (consisting primarily of call records) associated with the Verizon account of one of the defendant's alleged co-conspirators.  The Rule 902(11) certification for the records provided by Verizon is available in Attachment A, and a one-page excerpt of the records is available in Attachment B.

Attachments B, which contain phone number information, have been partially redacted for privacy purposes.

**Argument**

Certified business records are admissible as self-authenticating, non-hearsay evidence, such that no extrinsic evidence of their authenticity is required.  *See Federal Trade Comm. v. Direct Marketing Concepts, Inc.*, 624 F.3d 1, 16 (1st Cir. 2010); *U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Jones*, 925 F.3d 534, 537 (1st Cir. 2019).  As the First Circuit has made clear, admission of such documents at trial does not require the live testimony of a records custodian.  *Id*.  Under Federal Rule of Evidence 803(6), business records are admissible, non-hearsay, if certified in accordance with Rule 902(11) and otherwise meet the standard

requirements for business records.[1]  And under Rule 902(11), "a duplicate of a domestic record of regularly conducted activity" is admissible "if accompanied by a written declaration of its custodian or other qualified person."  The purpose of Rule 902(11) is to allow parties to authenticate evidence "other than through the testimony of a foundation witness."  *Direct Mktg. Concepts, Inc.*, 624 F.3d at 16 (quoting Fed. R. Evid. 902 advisory committee's note to 2017 amendment).

In this case, the government has produced the Verizon business records, including the authentication certificate, to the defendant and given him reasonable written notice of its intent to offer the Verizon records at trial.  The authentication certificate attests that the records "are true and accurate copies of the records created from the information maintained by Verizon in the actual course of business[,]" and that "[i]t is Verizon's ordinary practice to maintain such records, and that said records were made contemporaneously with the transaction and events stated therein, or within a reasonable time thereafter."  Attachment A.  As such, the records constitute business records under Rule 803(6).  Therefore, the Verizon records are admissible under Rules 803(6) and 902(11) without the need for live testimony.  *Direct Marketing Concepts, Inc.*, 624 F.3d at 16; *see also United States v. Burgos-Montes*, 786 F.3d 92, 119 (1st Cir. 2015) (affirming use of phone provider records accompanied by a certification under Rule 902(11)).  Doing so will also reduce the length of trial and conserve the resources of the Court and the parties.

---

[1] The requirements include: "**(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge; **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; **(C)** making the record was a regular practice of that activity . . . ."  Fed. R. Evid. 803(6).

**Conclusion**

For the reasons stated above, the government respectfully requests that the Court rule that the Verizon business records of the defendant's alleged co-conspirator are admissible under Rules 803(6) and 902(11) without the live testimony of a Verizon records custodian.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Christopher J. Markham*
CHRISTOPHER J. MARKHAM
KRISTEN A. KEARNEY
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: June 4, 2022                      *s/ Christopher J. Markham*
                                                      Christopher J. Markham
                                                      Assistant United States Attorney