IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-10177-PBS |
| | ) | |
| AMIN KHOURY, | ) | |
| | ) | |
| Defendant | ) | |

### GOVERNMENT'S OPPOSITION TO
### DEFENDANT'S RENEWED MOTION IN LIMINE
### TO PRECLUDE ADMISSION OF ALLEGED CO-CONSPIRATOR STATEMENTS

The defendant has, once again, asked the Court to exclude, pretrial, a specific statement of his co-conspirator, Gordon Ernst. Dkt. No. 267. The defendant seeks to exclude Ernst's statement to another co-conspirator ("the middleman"), in the spring of 2014, that Ernst "was likely going to do a deal with Amin [the defendant] to help his daughter." *Id.* This quote came directly from the middleman's grand jury testimony. According to the defendant, the middleman should not be permitted to repeat this statement at trial because the government's recent *Petrozziello* proffer to the Court summarizing evidence of the overall conspiracy did not directly quote the middleman's testimony. This argument ignores the Court's prior rulings, misstates the record, and has no merit.

The defendant first moved *in limine* to exclude the middleman's statement under *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977). Dkt. No. 138. The government opposed on the basis that the statement was admissible as a statement of a declarant's "then-existing . . . motive, intent, or plan." Dkt. No. 159 at 3-4 (quoting Fed. R. Evid. 803(3), describing the *Hillmon* doctrine, and providing well-established case law on this subject from within the First Circuit). At the April 14, 2022 pretrial conference, the Court ruled that Ernst's statement to the middleman was

"straight up" *Hillmon* and admissible under Rule 803(3), "regardless of the conspiracy rule." Tr. of Pretrial Hr'g (Apr. 14, 2022) at 15. At that hearing, the Court also directed the government to submit a "proffer of when you think the conspiracy started and when it ended and what the evidence is to support that." *Id.* The government submitted such a proffer, Dkt. 185, and at the May 23, 2022 pretrial conference, the Court found that the government's *Petrozziello* proffer sufficiently identified evidence of a conspiracy for pretrial purposes while reserving a *Petrozziello* ruling until the close of evidence. Tr. of Pretrial Hr'g (May 23, 2022) at 43.

The defendant now renews his motion to exclude Ernst's statement to the middleman, again under *Petrozziello*, because, according to him, the FBI's summary of the middleman's May 2020 interview and the government's *Petrozziello* proffer should be considered direct quotations of the middleman and do not employ the exact language the middleman used before the grand jury. Dkt. No. 267. This argument has no merit.

*First*, the Court already ruled that Ernst's statement of future intent to the middleman is admissible under Rule 803(3), such that the defendant's arguments under *Petrozziello* are moot. *See* Tr. of Pretrial Hr'g (Apr. 14, 2022) at 15. The Court made this ruling after considering the available case law, including the case law in the First Circuit, which makes clear that a statement of then-existing intent or plan is admissible. Defendant's argument that the statement is not reliable because it was not sufficiently contemporaneous, Dkt. 267 at 11-14, is misplaced. Ernst's statement that he planned to do a "deal" with the defendant did reflect his contemporaneous intent or plan for the future—at the moment Ernst spoke to the middleman, his then-existing intent or plan was to do the "deal." The two cases the defendant cites, *United States v. Rivera-Hernandez*, 497 F.3d 71 (1st Cir. 2007) and *United States v. Macey*, 8 F.3d 462 (7th Cir. 1993), are inapposite, as they both concern statements of an individual reflecting on their *previously-existing* state of

mind, and where there was a clear motive to fabricate their previous state of mind.[1] No such concern exists here, where the statement reflects a then-existing plan or intent and is an inculpatory statement by a co-conspirator. What is more, contrary to the defendant's contention, Dkt. 267 at 15, the defendant *is responsible for Ernst's unavailability.* Ernst was scheduled to be sentenced prior to this trial on May 26, 2022. In the defendant's Supplement to Motion to Continue Trial, he claimed that the publicity likely to follow Ernst's sentencing would impact his right to a fair trial. Dkt. 195 at 3-4. As a result, the government moved to continue Ernst's sentencing, which the court granted. The defendant should not now be permitted to use that continuance, which he set in motion, as a basis for excluding inculpatory evidence.

*Second*, even if it was necessary to consider the *additional* basis for the admissibility of the middleman's statement under *Petrozziello*, which it is not, the Court has already made a preliminary *Petrozziello* finding, and the First Circuit requires the final determination to be made at the close of evidence. *United States v. Mangual-Garcia*, 505 F.3d 1, 8 (1st Cir. 2007) ("[T]his circuit 'requires the court to delay its final *Petrozziello* determination until the close of all evidence.'") (quoting *Earle v. Benoit,* 850 F.2d 836, 841 (1st Cir.1988)).

*Third*, the defendant erroneously claims that there are multiple, differing statements of the middleman. That is not true. In reality, *there is only one statement of the middleman before the*

---

[1] The cases cited in *Rivera-Hernandez* make this point clear. For example, the court cited *Colasanto v. Life Ins. Co. of N. Am.*, 100 F.3d 203, 212-13 (1st Cir. 1996), in which the court excluded written statements introduced to show the declarant's state of mind in February 1994 because "it did not relate to [the declarant's] intent in February, but only to [the declarant's] intent [in March and April 2004,] at or about the time he wrote the letters." Similarly, the court cited *United States v. Jackson,* 780 F.2d 1305, 1315 (7th Cir.1986), in which the court excluded the defendants' statements denying any wrongdoing because they "had two years to reflect upon their actions and potentially an incentive to misrepresent the truth. . . . In addition, the defendants' statements . . . reflect only their lack of criminal intent in 1983, while the charges against them arose from actions several years earlier."

*Court*, and that is the middleman's grand jury testimony. The other language the defendant cites is copied from *summaries* that were *never adopted by the middleman* and *never held out as verbatim transcripts* of the middleman's statements. The government explicitly highlighted this point in its *Petrozziello* proffer, when it described the evidence summary as only including the "sum and substance" of "anticipated testimony," and conspicuously put only one word of the summary in quotations: the word "deal" that is a direct quote from the co-conspirator's grand jury testimony. Dkt. No. 185 at 4-5. The government also reiterated this point again at the subsequent pretrial hearing. Tr. of Pretrial Hr'g (May 23, 2022) at 44 (the government noting that "the proffer by its own nature is supposed to be a summary of the anticipated testimony").

*Fourth*, even if the Court were to reverse its ruling under Rule 803(3) and reverse its preliminary ruling under Rule 801(d)(2)(E), *which it should not*, Ernst's statement would nevertheless be admissible for the non-hearsay purpose of the effect on the listener. Fed. R. Evid. 801(c) (statement is not hearsay if not "offered in evidence to prove the truth of the matter asserted."). The effect on the middleman of what Ernst said is critically important to understanding the middleman's subsequent actions in the following weeks and months, for example: (1) working directly with the defendant to execute to scheme and (2) later going to the defendant's house where the defendant handed him $200,000 in cash. The jury is therefore permitted to consider Ernst's statement not only for the truth of the matter asserted, for the reasons the Court has already ruled upon, but also for the non-hearsay purpose of "effect on the listener" in order to put the middleman's subsequent actions in context. *See, e.g.*, *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 19 (1st Cir. 2014) ("Rumors may be admitted, without regard to their accuracy, to show their motivating effect on the listener."); *United States v. Cruz-Diaz*, 550 F.3d 169, 176 (1st Cir. 2008) ("[A] statement 'offered to show the effect of the words spoken on the listener (e.g., to

4

supply a motive for the listener's action)' is not hearsay") (quoting *United States v. Bailey,* 270 F.3d 83, 87 (1st Cir.2001)).

## CONCLUSION

For the forgoing reasons, the Court should deny the defendant's renewed motion.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Christopher J. Markham*
CHRISTOPHER J. MARKHAM
KRISTEN A. KEARNEY
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: June 6, 2022                                *s/ Christopher J. Markham*
                                                                              Christopher J. Markham
                                                                              Assistant United States Attorney